**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MARK R. WINKLE,

|                |   |                            |
|----------------|---|----------------------------|
| Plaintiff,     | : | Case No. 3:14-cv-020       |
|                |   |                            |
|                |   | District Judge Thomas M. Rose |
| -  vs  -       |   | Magistrate Judge Michael R. Merz |
|                |   |                            |
| CAROL S. LORANGER, et al., |   |            |
|                |   |                            |
| Defendants.    | : |                            |

**ORDER DENYING EXTENSION OF TIME;
REPORT AND RECOMMENDATIONS**

This case is before the Court on Motion of Defendants Carol Loranger, Barry Milligan, Alpana Sharma, Crystal Lake, Michael Griest, Chris Hall, Amy Barnhart, Sol Solomon, Amy Johnson, Jason Champagne, Colleen Finegan, John Haught, Chris Murphy, David Hopkins, Mary Jane Walling, Autumn Cobbs-Coleman, The Office of the Registrar of Wright State University, The College of Liberal Arts of Wright State University, The Financial Aid Department of Wright State University, The College of Education and Human Services of Wright State University, Wright State University, and the Ohio Board of Regents to dismiss the Amended Complaint in this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. No. 7). These Defendants are hereinafter referred to as the "State of Ohio Defendants" and are all of the Defendants named in this case except the United States Department of Education and its Secretary, Arne Duncan.

1

**Plaintiff's Second Motion for Extension of Time**

Because Plaintiff is proceeding *pro se* in this case, the Court notified him of his obligation to file a response to the Motion not later than April 7, 2014 (Doc. No. 8). Plaintiff failed to respond at all within the time stated in the Order to Pro Se Plaintiff. The day after the time expired, Plaintiff filed a Motion for Extension of Time (Doc. No. 12) which the Court denied for failure to comply with S. D. Ohio Civ. R. 7.3 by contacting opposing counsel (Notation Order). Eight days later Plaintiff filed another Motion for Extension of Time (Doc. No. 13). This Motion also does not comply with S. D. Ohio Civ. R. 7.3. Plaintiff's stated grounds for extension of time is that he is allegedly preparing "Notice of Appeal" in the Eastern Division of this Court with respect to four attorneys who are "bosses and associates" of the counsel for the State of Ohio Defendants. Plaintiff also notes that the Secretary of Education and the Department of Education have not yet answered. As the Court has already noted (Doc. No. 11), they have not been served and will have sixty days to answer or otherwise respond after they have been served. Finally, Plaintiff contends he has been offered a settlement "which will either resolve this case for the Wright State University defendants or complicate it with additional retaliation charges" because the State of Ohio Defendants' counsel is attempting to interfere in the settlement discussions. *Id.* at PageID 299.

None of these considerations constitutes good cause for failure to respond to the Motion on time or for failure to contact opposing counsel about an extension of time. Defendants' counsel in this case has no interest except the interest of his clients. If the clients wish to settle the case, their attorney should have no objection to foregoing a decision on his pending Motion

while a settlement is effected. In the absence of any reported conversation between Plaintiff and Mr. McPhillips, the Court has only Plaintiff's unsubstantiated word for the status of the matter.

The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) *citing Federal Exp. Corp. v. Holowecki,* 552 US. 389, 402 (1998); *see also*, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

However, this laxity does not apply to straightforward scheduling requirements which are as understandable by a layman as by a lawyer. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). *Pro se* litigants are required to adhere to basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, no special treatment is to be afforded to ordinary civil litigants who proceed *pro se. Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988).

Plaintiff's Motion for Extension of Time is DENIED.

**Motion to Dismiss**

The State of Ohio Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiff's Amended Complaint on the ground that it does not state a claim upon which relief can be granted. "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct.

2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"

(internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the   assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009), *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ...

Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

## Claims Against Separate Departments and Offices of Wright State University

Among the State of Ohio Defendants are The Office of the Registrar of Wright State University, The College of Liberal Arts of Wright State University, The Financial Aid Department of Wright State University, and The College of Education and Human Services of Wright State University.  These entities, as subdivisions of Wright State University, are not sui juris.  That is, they may not be sued separately from the university itself.  *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987)(Rice, J.).  The claims against these subdivisions of Wright State should be dismissed without prejudice as naming an entity which is not sui juris.

## Claims Against the State of Ohio Defendants Under 42 U.S.C. § 1983

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793).  It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,*

478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890);  *Edelman v. Jordan*, 415 U.S. 651 (1974);   *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).   The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury.   *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th  Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945);  *Quern v. Jordan*, 440 U.S. 332 (1979).

Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State.  *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299, 302 (6th  Cir. 1984) *citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977).  This bar against suit also extends to state officials acting in their official capacities.  *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).

Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th  Cir. 1990), *citing Quern v. Jordan,* 440 U.S. at 341.  Nor is the State of Ohio a "person" for purposes of § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989).

Therefore claims made against The Office of the Registrar of Wright State University, The College of Liberal Arts of Wright State University, The Financial Aid Department of Wright State University, and The College of Education and Human Services of Wright State University, Wright State University itself, and the Ohio Board of Regents under 42 U.S.C. § 1983 should be dismissed without prejudice for lack of subject matter jurisdiction because of the bar of the Eleventh Amendment.

**Claims Under Title IV of the 1964 Civil Rights Act**

As the State of Ohio Defendants point out (Motion, Doc. No. 7, PageID 240), Title IV of the 1964 Civil Rights Act pertains only to racial desegregation of schools.  Nothing in the Amended Complaint alleges a claim relating to racial desegregation of schools and all such claims should therefore be dismissed with prejudice.

**Qualified Immunity Claim of Individual Defendants**

The individual State of Ohio Defendants assert they are entitled to qualified immunity for their acts with respect to Plaintiff insofar as they are sued under 42 U.S.C. § 1983 (Motion, Doc.No. 7, PageID 242-46).

Government officials performing discretionary functions are afforded a qualified immunity under 42 U.S.C. § 1983 as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir. 1995); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994); *Flatford v. City of Monroe*, 17 F.3d 162 (6th Cir. 1994).  The question is not the subjective good or bad faith of the public official, but the "objective legal reasonableness" of his or her action in light of clearly established law at the time the official acted.  *Anderson v. Creighton*, 483 U.S. 635 (1987).

Qualified immunity analysis involves three inquiries: (i) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (ii) "whether the violation involved a clearly established

constitutional right of which a reasonable person would have known;" and (iii) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6ᵗʰ Cir. 2005), *quoting Feathers v. Aey*, 319 F.3d 843, 848 (6ᵗʰ Cir. 2003). Qualified immunity must be granted if the plaintiff cannot establish each of these elements. *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 636 (6ᵗʰ Cir. 2004).

In order for the violated right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right; in light of pre-existing law, the unlawfulness of the official's action must be apparent. *Anderson v. Creighton*, 483 U.S. at 640. The right must be defined at the appropriate level of specificity to determine whether it was clearly established at the time the defendants acted. *Wilson v. Layne*, 526 U.S. 603, 615 (1999), *citing Anderson v. Creighton.* The test is whether the law was clear in relation to the specific facts confronting the public official when he acted; the constitutional right must not be characterized too broadly without considering the specific facts of the case. *Guercio v. Brody*, 911 F.2d 1179 (6ᵗʰ Cir. 1990). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6ᵗʰ Cir. 1992).

The burden is on a defendant to plead qualified immunity. *Wolfel v. Sanborn*, 666 F.2d 1005 (6ᵗʰ Cir. 1981), *vacated*, 458 U.S. 1102 (1982); on remand, 691 F.2d 270 (6ᵗʰ Cir. 1982). To overcome this defense, the plaintiff must allege a violation of a clearly established constitutional right and that a reasonable official would have known that his or her conduct violated this right. *Jackson v. Leighton*, 168 F.3d 903, 909 (6ᵗʰ Cir. 1999). The qualified

10

immunity defense may properly be considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Levin v. Childers,* 101 F.3d 44, 48 (6th Cir. 1996). The ultimate burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006); *Wegener v. Covington*, 933 F.2d 392 (6th Cir. 1991). When a defendant moves for summary judgment based on qualified immunity, the plaintiff must (1) identify a clearly established right alleged to have been violated; and (2) establish that a reasonable officer in the defendant's position should have known that the conduct at issue was undertaken in violation of that right. *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995).

Plaintiff claims the individual State of Ohio Defendants violated his Fourth Amendment rights, but the claim is purely conclusory as Plaintiff nowhere asserts that these Defendants engaged in any acts which searched or seized his property.

Plaintiff claims the individual State of Ohio Defendants violated his Fifth Amendment rights, but again pleads no facts which would bring this case within the Fifth Amendment which impose a grand jury indictment requirement in federal criminal cases, prohibits exposing a person to double jeopardy for any one criminal offense, protects the privilege against self-incrimination, and guarantees the right to due process against the federal government, but not against state officers or agents.

Plaintiff claims the individual State of Ohio Defendants violated his Seventh Amendment rights, but they are not capable of doing so as the Seventh Amendment guarantees, in federal courts only, the right to trial by jury in cases at common law where the amount in controversy exceeds twenty dollars. None of these State of Ohio Defendants presides over a federal court.

Plaintiff claims the individual State of Ohio Defendants violated his Eighth Amendment rights, but none of them held him as a post-trial sentenced criminal defendant, which is a prerequisite to application of the Eighth Amendment's Cruel and Unusual Punishment Clause.

Finally, Plaintiff claims the individual State of Ohio Defendants violated his Fourteenth Amendment right of due process of law.  As the moving Defendants note, Plaintiff has not alleged any facts which would constitute deprivation of substantive due process of law in these sense of alleging conduct which comes within clearly established case law as shocking to the conscience.  As to procedural due process, he has not alleged that these Defendants deprived him of any clearly established property or liberty interest.

Therefore the individual State of Ohio Defendants' qualified immunity defense should be upheld and the claims against them under 42 U.S.C. § 1983 should be dismissed.

**Claims Under Title VI of the 1964 Civil Rights Act**

Winkle references Title VI of the 1964 Civil Rights Act, but fails to state a claim under Title VI because he fails to allege that he has been discriminated against on the basis of his race, color, or national origin.  He also does not allege that any of the accused Defendants are recipients of federal financial assistance.  Any claims under Title  VI should be dismissed for failure to state a claim upon which relief can be granted.

**Age Discrimination Claims**

As Defendants point out, an age discrimination claim cannot be brought in federal court until the claimant has exhausted his or her administrative remedies by filing a claim with the appropriate administrative agency.  Winkle does not plead that he has done so.  His age discrimination claims should therefore be dismissed for lack of exhaustion of administrative remedies.

**Claims Under Title IX**

As Defendants point out, claims under Title IX of the Education Amendments of 1972 are available only against institutions and programs that receive federal funds.  Winkle has not pled any receipt of federal funds by the State of Ohio Defendants and his claims under Title IX should therefore be dismissed.

**Miscellaneous Claims**

Winkle purports to make claims under the Administrative Procedure Act and the Tucker Act.  These claims are only applicable to the federal Defendants.  Furthermore, Winkle's request for mandamus relief is directed only to the claims made against Secretary Duncan and the United States Department of Education.

13

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the State of Ohio

Defendants' Motion to Dismiss be GRANTED.

April 17, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).