# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK R. WINKLE,

|                  |              |                                      |
|------------------|--------------|--------------------------------------|
| Plaintiff,       | :            | Case No. 3:14-cv-020                 |
|                  |              |                                      |
|                  |              | District Judge Thomas M. Rose        |
| -  vs  -         |              | Magistrate Judge Michael R. Merz     |

CAROL S. LORANGER, et al.,

|                  |              |
|------------------|--------------|
| Defendants.      | :            |

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Plaintiff's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations recommending that the State of Ohio Defendant's Motion to Dismiss be granted (the "Report," Doc. No. 14).  The moving Defendants have filed a Response to the Objections (Doc. No. 20) and Judge Rose has recommitted the Motion for reconsideration in light of those filings (Doc. No. 21).

**The Report and Recommendations**

The recommendations can be summarized as follows:

1.      Claims against separate departments and offices of Wright State University should be dismissed because these entities are not sui juris.      (Report, Doc. No. 14, PageID 307.)

1

2.      Claims against the State of Ohio Defendants under 42 U.S.C. § 1983 should be dismissed for lack of jurisdiction as barred by the Eleventh Amendment.  *Id.*  at PageID 307-08.

3.      Claims under Title IV of the 1964 Civil Rights Act should be dismissed because that statute pertains only to racial desegregation of schools.  *Id.*  at PageID 309.

4.      Claims against individual persons among the State of Ohio Defendants are barred by qualified immunity.  *Id.*  PageID 309-12.

5.      Claims under Title VI of the 1964 Civil Rights Act should be dismissed for failure to state a claim upon which relief can be granted.  *Id.*  PageID 312.

6.      Plaintiff's age discrimination in employment claims should be dismissed for failure to exhaust available administrative remedies.  *Id.*  at PageID 313.

7.      Plaintiff's claims under Title IX of the Education Amendments of1972 should be dismissed for failure to state a claim upon which relief can be granted.  *Id.*

**The Objections**

Plaintiff begins his Objections by calling the Magistrate Judge a "parrot of the defense counsel" and accusing him of not reading the Complaint.  Picking up on the Supreme Court's requirement that claims be plausible, he offers a definition of "plausible" from the yahoo.com online dictionary.  He claims his Second Amended Complaint covers every problem posed by the Report, but he has not been granted leave to file a second amended complaint.

Regarding sovereign immunity, Winkle contends Congress abrogated Eleventh Amendment immunity of the States in enacting the ADEA.  It is true that Congress attempted to do so, but the attempt was unconstitutional.  "[a]lthough the ADEA does contain a clear

statement of Congress' intent to abrogate states' immunity, the abrogation exceeded Congress' authority under Section 5 of the Fourteenth Amendment." *Coger v. Bd. of Regents of the State of Tenn.,* 209 F.3d 485 (6ᵗʰ Cir. 2000), relying on *Kimel v. Florida Bd. of Regents,* 528 U.S. 62(2000).  To the extent Plaintiff may be attempting to plead a disability claim, the Supreme Court has also held the ADA abrogation of sovereign immunity invalid.  *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356 (2001).

Plaintiff points out that the literal language of the Eleventh Amendment only bars suits by citizens of one State against another State.  But the Supreme Court held more than one hundred years ago that it applied to bar suits against one's own State.  *Hans v. Louisiana*, 134 U.S. 1 (1890), which was cited in the Report.

Plaintiff objects that Judge Sargus of this Court overruled an Eleventh Amendment immunity claim by the State of Ohio and Ohio University in another case Winkle has brought against similarly situated defendants, citing Winkle v. Ruggieri,2013 U.S. Dist. LEXIS 165247 (S.D. Ohio 2013).  That is a blatant miscitation.  There is nothing about Eleventh Amendment immunity in Judge Sargus' order.   Instead, he adopted Magistrate Judge Deavers' recommendation that Winkle's claim(s) against the National Council for the Accreditation of Teacher Education.   Judge Sargus subsequently dismissed Winkle's entire case and that dismissal is what Winkle has appealed.

Winkle next asserts

> This court, in an attempt to obstruct the plaintiff's right to due process under the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution has erroneously applied case law which contravenes the finding of the United States Supreme Court.  The higher pleading standards that the court requests apply only to appellate court proceedings taken in de novo cases.

3

(Objections, Doc. No. 17, PageID 388-89.)  There is of course no Due Process Clause in the Fourth Amendment.  Beyond that, the case law relied on with respect to Plaintiff's pleading – principally *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) – apply to all civil cases filed in federal court.  I note that Winkle's "heightened pleading" complaint was also rejected by Magistrate Judge Deavers and Judge Sargus in the *Ruggieri* case.

At PageID 390, Plaintiff asserts he has claimed his rights under the Civil Rights Act of 1964 "were violated as a result of sex, age, and religious discrimination."  Age discrimination is not prohibited by the 1964 Civil Rights Act.  Nor does the Act prohibit discrimination generally, but only in specific situations, e.g., employment or public accommodations.

Winkle asserts he is entitled to a fair and impartial hearing on the facts, but only if he files a complaint which states a claim for relief in a way that is understandable and supported by law.  Instead Plaintiff has given the Court and the Defendants a confused mash-up of pieces of the Code of Federal Regulations which do not create private rights of action, statutes under which litigation against the State of Ohio is barred by the Eleventh Amendment, etc.

Plaintiff objects to the dismissal of his claims under Title IX on the basis that "[t]he court obviously knows and a reasonable person can assume that Wright State University receives federal financial assistance. . ."  The point of Defendants' Motion and of the Report is that Plaintiff nowhere alleges that fact.  Courts are not permitted to take judicial notice of facts to fill in gaps in pleadings.  It is easy to imagine Plaintiff's reaction if the Court did that to fill in a gap in Defendants' pleadings.

Finally, despite Plaintiff's purported knowledge of the internal workings of this Court, his allegation that the Report was "drafted by a law clerk" is untrue.

4

It is therefore again respectfully recommended that the Complaint herein be dismissed without prejudice for lack of jurisdiction as to those claims barred by the Eleventh Amendment and for failure to state a claim upon which relief can be granted as to the remaining claims.


May 9, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).