# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK R. WINKLE,

                        Plaintiff,      :        Case No. 3:14-cv-020

                                                      District Judge Thomas M. Rose
      -  vs  -                                     Magistrate Judge Michael R. Merz

CAROL S. LORANGER, et al.,

                        Defendants.      :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (Doc. No. 24) to the Magistrate Judge's Supplemental Report and Recommendations recommending that the State of Ohio Defendant's Motion to Dismiss be granted (the "Supplemental Report," Doc. No. 22). Judge Rose has again recommitted the Motion for reconsideration in light of those filings (Doc. No. 25).

This Second Supplemental Report will not attempt to recapitulate all the prior filings, but merely summarizes briefly the pending issues.

In his prior Objections (Doc. No. 20), Winkle claimed the sovereign immunity of the States under the Eleventh Amendment had been abrogated by Congress. The Supplemental Report acknowledged Congress had attempted to do that, but noted that the attempt had been held unconstitutional (Supplemental Report, Doc. No. 22, PageID 469, citing *Coger v. Bd. of*

1

*Regents of the State of Tenn.,* 209 F.3d 485 (6th Cir. 2000), relying on *Kimel v. Florida Bd. of Regents,* 528 U.S. 62 (2000). In his Objections to the Supplemental Report, Winkle merely repeats his prior argument and does nothing to deal with this controlling contrary authority.

In his prior Objections, Winkle argued the Eleventh Amendment was not applicable to suits by a citizen of one State against his own State of residence. The Supplemental Report cited the contrary decision of the United States Supreme Court in *Hans v. Louisiana,* 134 U.S. 1 (1890). In his present Objections, Winkle does nothing to deal with this controlling Supreme Court decision, but merely repeats his prior argument, apparently believing putting his assertions in bold-faced type makes them more legally compelling (See Doc. No. 24, PageID 633).

In his prior Objections, Winkle claimed Judge Sargus had overruled an Eleventh Amendment immunity claim in *Winkle v. Ruggieri,* Case No. 2:12-cv-1079. The Supplemental Report concluded this was a "blatant miscitation." (Doc. No. 22, at PageID 469). In his Objections, Winkle alleges "Magistrate Michael M. Merz failed to review the case file in *Winkle v. Ruggieri*" and refers to a Magistrate Judge's Report and Recommendations purportedly filed in April of 2013 dealing with sovereign immunity (Doc. No. 24). But a review of the docket in that case shows that no report and recommendations was filed in April 2013. Judge Sargus' Order of November 20, 2013, which Winkle believes dealt with sovereign immunity, dealt only with Magistrate Judge Deavers' recommendation that Winkle's claims against the National Council for the Accreditation of Teacher Education should be dismissed. NCATE is obviously not a sovereign State. Judge Sargus eventually dismissed the case in its entirety. He held in part:

> The Eleventh Amendment provides sovereign immunity for states from certain lawsuits. It reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has held that this language forbids

> private lawsuits by citizens against their own state. *Kimel v. Fla. Bd. Of Regents,* 528 U.S. 62, 72-73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). For the purposes of this suit, "[sovereign] immunity is far reaching," in that it "bars all suits, whether for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dep 't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993); see also *Alabama v. Pugh*, 438 U.S. 781, 782 ( 1977). Further, this immunity applies not just to suits against a "State," but also those against "one of its agencies or departments." *Pennhurst*, 465 U.S. at 1 00; see also *Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274,280 (1977) ("arm of the state").

*Winkle v. Ruggieri*, Case No. 2:12-cv-1079 (S.D. Ohio Mar. 13, 2014)(unreported).

Numerous other examples exist in the Objections to the Supplemental Report of Plaintiff's failure to deal with the law cited in the prior Reports. The examples already cited are sufficient to justify dismissal without prejudice until such time as Plaintiff can present an amended complaint which satisfies the Federal Rules of Civil Procedure. It is again recommended the Amended Complaint be dismissed without prejudice for the reasons stated in the prior Reports.

May 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).