# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK R. WINKLE,

          Plaintiff,    :      Case No. 3:14-cv-020

                              District Judge Thomas M. Rose
- vs -                       Magistrate Judge Michael R. Merz

CAROL S. LORANGER, et al.,

          Defendants.   :

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD AND DELETE PARTIES

---

This case is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint, Motion for Leave to Dismiss Claims Against Certain Defendants, [and] Motion for Leave to Add Additional Defendants (Doc. No. 23).

Plaintiff's request to remove Defendants Wright State University Graduate School, Amy Johnson, Jason Champagne, Sol Solomon, Amy Barnhart, Michael Griest, John Haught, the Office of the Registrar of Wright State University, the Financial Aid Department of Wright State University, Wright State University College of Education and Humanities, and Wright State University College of Liberal Arts is GRANTED and all claims against those Defendants are DISMISSED WITH PREJUDICE.

Winkle seeks to add Assistant Attorney General Michael McPhillips as a defendant on a claim of tortious interference with business, i.e., a claim that he "directly interfered in the negotiations by and between the plaintiff and the defendants in April 2014" and violated the Rules of Professional Conduct. (Proposed Second Amended Complaint, Doc. No. 23-1, PageID 479). Mr. McPhillips is counsel for all Defendants in this case except the federal Secretary of Education and the United states Department of Education Granting leave to amend to add this claim would be futile because it would be subject to dismissal for failure to state a claim upon which relief can be granted. Winkle's recital about the Rules of Professional Conduct is completely conclusory. It is not tortious interference for an attorney representing clients to stand between them and the opposing party. The requests to add McPhillips as a party and to add the claim purportedly made against him in the Proposed Second Amended Complaint of May 9, 2014, are DENIED.

Winkle seeks to add claims for breach of contract against the Columbus City School District and Mosaica Education. The Proposed Second Amended Complaint of May 9, 2014, does not show any way in which these two claims are related to the claims already made in this case. Plaintiff has not shown that they are properly joined in this action under Fed. R. Civ. P. 20 and the request to add them as defendants is DENIED. The Court also notes that claims against the Columbus, Ohio, school district should be filed in the Eastern Division of this Court and the Proposed Second Amended Complaint of May 9, 2014, does not plead any act by Mosaica Education which would subject them to the personal jurisdiction of an Ohio court.

Winkle seeks to add claims against the State of Ohio, the Ohio Board of Regents, and the Ohio Board of Education for failure "to provide equitable treatment to Teacher Education students seeking teaching endorsements under the Graduate Loan programs of the United States

Department of Education, and the spirit and intent of the No Child Left Behind Act Elementary and Secondary Education Act, which includes Title I." (Doc. No. 23-1, PageID 480). Damages claims against these three Defendants are barred by the Eleventh Amendment. Winkle also apparently seeks to have Chapter 3319 of the Ohio Revised Code declared unconstitutional, but there are well over one hundred sections in that chapter, added and amended on many different occasions, and Winkle has not pleaded which sections violate the United States Constitution.

For the foregoing reasons, Winkle's Motion for Leave to File a Second Amended Complaint and Motion to Add Additional Defendants are DENIED.

May 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge