IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK R. WINKLE,

                Plaintiff,      :      Case No. 3:14-cv-020

                                        District Judge Thomas M. Rose
-  vs  -                           Magistrate Judge Michael R. Merz

CAROL S. LORANGER, et al.,

                Defendants.      :

## REPORT AND RECOMMENDATIONS ON SANCTIONS

This case is before the Court on Plaintiff's Response (Doc. No. 38) to the Magistrate Judge's Order to Show Cause (Doc. No. 33).

In his Motion to Disqualify Magistrate [Judge] Michael M. [sic] Merz for Federal Crimes, Obstruction, Conspiracy to Defraud, Accepting Bribes, Gifts, Gratuities, and Violating the Plaintiff's Rights to a Fair and Impartial Hearing of the Facts (Doc. No. 32), Plaintiff alleged

> that in the case of Winkle v. Shingler 3:03-445, that he [Winkle] did personally witness Magistrate Michael M. Merz accept a bribe of monetary value from the defense attorney prior to the preliminary injunction hearing in which he was the plaintiff. In fact, upon questioning both the Magistrate and the defense attorney in question, Magistrate Merz asserted that "my friend often treats me to lunch, golf outings, etc." It is interesting that a federal Magistrate would openly take a bribe from a defense attorney in front of the plaintiff whose case was to be heard in a conference room a few minutes later and attempt to play it off as a regular occurrence. This alleged "friend" is a defense attorney that has

1

> accepted many alleged "gifts" from Magistrate Merz of dismissals of cases and favorable rulings against his clients, and allegedly openly admitted to this plaintiff that "Magistrate Merz and himself" had exchanged gifts like these for years."

(Motion, Doc. No. 32, PageID 675.)  Calling these allegations an "outrageous lie," the Magistrate Judge ordered Winkle to show cause in writing why he should not be sanctioned for these and other allegations in the Motion which the Court believed had no evidentiary support.

In his Response, Winkle admits he has no evidence.  He states:

> The charges against the magistrate are allegations.  If the magistrate so desires, the plaintiff can prepare for an evidentiary hearing, but would find it necessary to subpoenae [sic] the attorney for the defense counsel's tax returns as well as the magistrate's tax returns, records, financial records, etc. in which it would provide the plaintiff with the alleged evidence.
>
> As for the Southern Christian Leadership Conference, said research might be readily available if it has not been discarded.  As in any evidentiary matter, as the magistrate well knows, those parties in possession of documents may not be completely cooperative, due to fear of possible retaliation by the court or gthe magistrate.

(Response, Doc. No. 38, PageID 725).  Attempting to reverse the burden of proof, Winkle says he will withdraw his allegations "[i]f the magistrate can demonstrate that he has dealt fairly with *pro se* plaintiffs and produce more than fifty cases where he permitted the case to proceed to trial."  *Id.* at PageID 726.

Nothing worse can be said of a judge than to allege he has allowed his judgment to be corrupted by bribery.  Judges who accept bribes are rightly removed from office and sentenced to significant prison terms.  Mr. Winkle seems to believe he can abuse the judicial process by leveling this gravest of all allegations with absolutely no proof.  He also seems to believe that because he is a self-proclaimed "God fearing man who is honest and forthright in his dealings

with others," (*Id.*) that he is above the law, which prohibits filing false and unprovable allegations against a judge to attempt to gain advantage in a lawsuit.

Fed. R. Civ. P. 11 provides that if a party violates that Rule, the Court may impose a sanction "limited to what suffices to deter repetition of the conduct." The sanction may include nonmonetary directives and an order to penalty into court. Fed. R. Civ. P. 11(c)(4). The Magistrate Judge believes an appropriate sanction in this case is an order to Plaintiff to withdraw the offending motion and a monetary penalty of $500. Until Plaintiff complies with the sanctions order, he should be barred from filing new cases in this Court *in forma pauperis*.

June 24, 2004.



Jun 24 2014 2:35 PM

X _____
Michael R. Merz

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).